MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
WARREN METLITZKY (CSBN 220758)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7066
Facsimile:  (415) 436-6748
Email:  warren.metlitzky@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*Hannes Liimann v. OU Hansapakend*
Civil Matter No. 2-12-31818
Ref. No. 12-2/13-1219-2

REQUEST FROM ESTONIAN COURT FOR INFORMATION FROM GOOGLE, INC.

MISC. NO. CV 15 80125 MISC. PSG

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION FOR ORDER PURSUANT TO TITLE 28 U.S.C. § 1782**

MEMO IN SUPPORT OF APPLICATION
FOR ORDER UNDER 28 U.S.C. § 1782

1

## INTRODUCTION

In the above captioned Estonian action, the Harju County Court in Estonia court seeks information from Google, Inc. ("Google). Lacking jurisdiction to directly obtain information from Google on United States's soil, the Estonian court has requested that the United States Attorney's office provide it with information from Google critical to resolving the Estonian action. This application requests that this court appoint Assistant United States Attorney Warren Metlitzky as Commissioner to take testimony from Google, so that AUSA Metlitzky can subpoena certain information from Google to transmit to the Estonian court. Google and the United States Attorney's Office have met and conferred about the substance of the request from the Estonian court and about the procedure to provide the Estonian court with the information it seeks. Google does not object to the appointment.

## FACTUAL BACKGROUND

### I. INFORMATION SOUGHT BY ESTONIAN COURT.

The Estonian Court seeks information identifying when the e-mail sent from the email address jaago@hansapeakend.ee from the mail.net.ee mail server at 16:01 on February 17, 2012 reached the email address hannes.liiman@gmail.com and when the email was read. *See* Declaration of Warren Metlitzky ("Metlitzky Decl."), Ex. A (letter to Google enclosing request from Estonian Court). This information is sought by the Estonian Court for use in the above-captioned lawsuit in the Harju County Court, Estonia. *Id.*

### II. MEET AND CONFER WITH GOOGLE.

The US Attorney's Office has met and conferred telephonically and via electronic mail with Legal Counsel for Google regarding the Estonian Court's request. Metlitzky Decl. ¶¶ 3-5 Google has determined that it can provide a declaration or affidavit with the email header information that would document when the email reached the hannes.liiman@gmail.com address. Metlitzky Decl. ¶ 5 & Ex. B. Google has also determined that it cannot reasonably determine when or if that email was read by the account holder. *Id.*

Google's position is that they are willing to provide the information directly to the Estonian Court pursuant to a United States federal court subpoena for the information. Metlitzky Decl. ¶ 4.

MEMO IN SUPPORT OF APPLICATION
FOR ORDER UNDER 28 U.S.C. § 1782

Google explained to the United States Attorney's Office that it believes that it is prohibited by federal statute from providing the requested information to the United States Attorney's Office, who in turn would provide it to the Estonian Court. Metlitzky Decl. ¶ 4. The Estonian Court has agreed to accept the subpoenaed information directly from Google. Metlitzky Decl. ¶

## DISCUSSION

The United States District Courts are empowered by 28 U.S.C. § 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. In this case, an Estonian Court requests the U.S. Attorney's Office to obtain information and documents from Google, Inc. in Mountain View, California, which is located within the jurisdiction of this Court.

As set forth in the accompanying proposed order, the United States, Google, and the Estonian Court have negotiated a mutually acceptable procedure to handle the Estonian court's request in this particular case.

**I.  THIS COURT SHOULD APPOINT A COMMISONER TO SUBPOENA INFORMATION FROM GOOGLE ON BEHALF OF THE ESTONIAN COURT.**

The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides that

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has the power to administer any necessary oath and take the testimony or statement.

28 U.S.C. § 1782(a). The legislative history shows that Congress intended for the United States to set an example for other countries in rendering international judicial assistance. The Senate report states:

> ... Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.
>
> It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures.

S.Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3783.

The proper criteria for determining whether the court should exercise its discretion in favor of assisting a foreign tribunal are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720 (9th Cir. 1977):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi judicial controversy.

*Seoul District Criminal Court*, 555 F.2d at 723 (citation omitted).

The letter of request of in this case shows that the information sought is for use in such proceedings in Estonia and hence the request comes well within those circumstances contemplated by Congress in expanding the federal courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Toyko District, Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, the United States asks this Court to honor the request for assistance.

## II. GOOGLE, THE UNITED STATES AND THE ESTONIAN COURT HAVE AGREED THAT GOOGLE MAY SEND RESPONSIVE INFORMATION DIRECTLY TO THE ESTONIAN COURT.

The United States, Google, and the Estonian Court have agreed that Google may release the requested information in this particular case directly to the Estonian Court in accordance with the terms and conditions set forth in the accompanying proposed order. Google has stated in writing that it does not oppose entry of the accompanying proposed order. Metlitzky Decl. Ex. D.

The reception of letters rogatory and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Tokyo Dist.*, 539 F.2d at 1220. However, the United States has served Google with this application and supporting papers, and Google does not object to the relief requested therein. As described in the proposed order, Google will provide notice of the subpoena to the relevant hosts, providers, and users, and afford them the opportunity to file an objection or motion to quash in this action.

MEMO IN SUPPORT OF APPLICATION
FOR ORDER UNDER 28 U.S.C. § 1782

4

## CONCLUSION

WHEREFORE, the United States respectfully requests this Court to issue the accompanying proposed order.

DATED: April 28, 2015

Respectfully submitted,

MELINDA L. HAAG
United States Attorney

By: _____/s/_____
WARREN METLITZKY
Assistant United States Attorney

MEMO IN SUPPORT OF APPLICATION
FOR ORDER UNDER 28 U.S.C. § 1782